UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL VARGAS,<br><br>             Plaintiff,<br><br>     v.<br><br>COMMUNICATION WORKERS OF AMERICA,<br><br>             Defendant. | Case No.  5:14-CV-02502-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Re: Dkt. No. 6]** |

Presently before the court is Defendant Communication Workers of America's ("CWA") Motion to Dismiss Plaintiff Daniel Vargas's ("Plaintiff") Complaint. Having carefully considered the relevant documents, the court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7–1(b). The hearing scheduled for October 10, 2014 will, therefore, be VACATED. For the reasons stated below, CWA's motion is GRANTED.

## I.     BACKGROUND

Plaintiff, *pro se*, alleges that he worked for AT&T for sixteen years, and was a member of the labor union Communication Workers of America ("CWA"). Dkt. No. 1-2 at 1-2. He was wrongfully terminated in 1999. Id. at 1. AT&T defamed Plaintiff, and when Plaintiff informed the CWA, the union did not stop it. Id. at 2. Plaintiff filed lawsuits in 2006 and 2007 for defamation, and he was labeled never to be rehired. Id.

In November 2009, AT&T called to do a four-month job as a technician. Id. at 2, 4. AT&T's Human Resources ("HR") did not give Plaintiff a wage credit recognizing his sixteen years of previous employment with AT&T, as required by the Collective Bargaining Agreement

("CBA"). Id. at 3-4. Plaintiff had submitted an employment application and it was his sixteen years of experience that made him qualified for this job. Id. After Plaintiff informed CWA representatives about the wage credit, CWA told Plaintiff that it would not file a grievance for wage credit or give him a wage credit. Id. at 3. The CBA allegedly states that wage credit will be given for prior employment. Id. Plaintiff alleges that, based on his previous experience with AT&T and CWA, it is common practice to give a wage credit even after being hired. Id. Plaintiff alleges that the HR representative did not give Plaintiff the wage credit because Plaintiff had named her on a previous National Labor Relations Board ("NLRB") complaint filed in September/October 2009. Id. at 4-5. Due to the animosity against Plaintiff for his previous lawsuits and the NLRB complaint, he alleges that the HR representative retaliated against him. Id. at 5. Plaintiff alleges that when he was hired, he was very afraid because in previous occasions, he had been escorted off the property by security. Id. Thus, when he was hired, he thought that AT&T had made a mistake. Id. He worked under extreme fear believing that at any time he would be confronted by security and be told to leave. Id.

In August 2010, AT&T hired Plaintiff as a U-Verse Tech in Southern California. Id. at 3, 5. Plaintiff alleges that there was animosity because he was hired to work in Southern California instead of Northern California, even though there was a need of U-Verse technicians in Northern California. Id. at 4-5. After six months, Plaintiff was transferred to Northern California. Id. at 5. During his training in Southern California, Plaintiff was not provided with a hotel room as required by the CBA, and during his employment, he was not given a wage credit for his previous employment experience. Id. at 3, 6. When Plaintiff informed CWA representatives, CWA told Plaintiff that it would not file a grievance for the wage credit. Id. at 4, 6.

On June 21, 2013, Plaintiff refused a settlement offer accepted by CWA, returned it to CWA, and requested arbitration. Id. at 9. On March 3, 2014, Plaintiff received a statement saying that the settlement check was sent to the AT&T unclaimed property department. Id.

Plaintiff alleges that CWA breached its duty when it allied with AT&T in denying the wage credit, when it did nothing to give Plaintiff a wage credit, and when it did not investigate an AT&T trainer's bad conduct towards Plaintiff. Id. at 5, 6, 9.

2
Case No. 5:14-CV-02502-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff filed a complaint against CWA in the Superior Court of County of Santa Clara on May 7, 2014. See Dkt. No. 1-2. CWA removed the case to the present court on May 30, 2014 on the grounds that the claims asserted by Plaintiff involves Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. See Dkt. No. 1. CWA filed the instant Motion to Dismiss on June 3, 2014. See Dkt. No. 6. Plaintiff submitted an opposition brief, and Defendant submitted a reply brief. See Dkt. Nos. 12, 14. Plaintiff then submitted a surreply. See Dkt. No. 17.

Considering the *pro se* complaint in its entirety, it appears that Plaintiff asserts the following claims: (1) breach of the duty of fair representation under Section 301 of the LMRA, and (2) breach of the CBA by the employer. Dkt. No. 1-2 at 1. Plaintiff appears to seek arbitration, declaratory relief, and disclosure of information from CWA and AT&T. Id. at 23-28.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57. *Pro se* pleadings are to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The court must also construe the

3
Case No. 5:14-CV-02502-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

**III.    DISCUSSION**

**A.    Claim for Breach of Duty of Fair Representation is Time Barred**

The issue in dispute is whether Plaintiff's claim for breach of duty of fair representation is timely. To assess the timeliness of Plaintiff's claim, four dates are relevant: (1) June 21, 2013; (2) August 23, 2013; (3) December 4, 2013; and (4) February 28, 2014.

June 21, 2013: In his Complaint, Plaintiff alleges that he refused a settlement offer proposed by AT&T. Dkt. No. 1-2 at 9. In support of his allegation, Plaintiff attaches an exhibit to the complaint—a letter from CWA dated June 21, 2013. Id. at 30. The letter explains the status of Plaintiff's grievances arising from AT&T's suspension and termination of his employment, and it lists various facts from when Plaintiff worked for AT&T. Id. It also states that in May 2013, AT&T made a settlement offer in both the suspension and termination grievances. Id. at 33. CWA was going to accept the offer on Plaintiff's behalf, believing that the offer and Plaintiff's cashing of the enclosed checks was fair. Id. As of May 31, 2013, CWA considered this matter to be resolved. Id.

Plaintiff alleges that he responded to this letter on August 16, 2013, stating that he would not accept the checks and he requested arbitration. Dkt. No. 12 at 1.

August 23, 2013: In his opposition brief, Plaintiff attaches a letter from CWA dated August 23, 2010. Dkt. No. 12 at 3. The letter states:

> I am in receipt of your August 16, 2013 letter with the destroyed checks enclosed. I'm sorry that you have decided not to take the checks that were the settlement to your two grievances, however, that decision is entirely up to you.

4
Case No. 5:14-CV-02502-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

> If you change your mind about the checks, I can have them re-issued up until December 4, 2013.

Id.

December 4, 2013: This is the date mentioned in the August 23, 2013 letter.

February 28, 2014: In his opposition brief, Plaintiff attaches two documents from AT&T dated February 28, 2014. Dkt. No. 12 at 4-5. These documents state that the checks issued by AT&T to Plaintiff have remained uncashed and reached dormant/stale status. Id. One check is for the amount of $31,288.03, and the other check is for the amount of $361.41. Id. It is presumed that these are the settlement checks enclosed with the June 21 letter.

In a hybrid claim[1] under Section 301 of the LMRA, a plaintiff "must show both a breach of the collective bargaining agreement by the employer and a breach of the duty of fair representation by the union." Newman v. Corner Inv. Co., LLC, 570 Fed. Appx. 684, 686 (9th Cir. 2014). "To establish that a union breached its duty of fair representation, an employee must show that the union's processing of the grievance was arbitrary, discriminatory, or in bad faith." Slevira v. W. Sugar Co., 200 F.3d 1218, 1221 (9th Cir. 2000) (internal quotations and citations omitted). The statute of limitations for such a hybrid claim is six months, as set forth in Section 10(b) of the National Labor Relations Act ("NLRA"). Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 989 n.39 (9th Cir. 2007) (citing DelCostello v. Teamsters, 462 U.S. 151, 169-70 (1983)). The statute of limitations "begins to run when an employee knows or should have known of the alleged wrongdoing." Sinyan v. Swedish Hosp. Med. Ctr., 482 Fed. Appx. 209, 211 (9th Cir. 2012) (citing Harris v. Alumax Mill Prods., Inc., 897 F.2d 400, 403-04 (9th Cir. 1990)). See Henderson v. Office and Prof'l Emps. Int'l Union, 143 Fed. Appx. 741, 743 (9th Cir. 2005) (plaintiff's claim accrued when he learned that the union would no longer assist him).

CWA argues that the statute of limitations, at the latest, should begin to run on June 21, 2013 because that was the most recent act by CWA that Plaintiff complains of. Dkt. No. 6 at 3.

---

[1] It appears that Plaintiff attempts to plead a hybrid claim even though the instant action is only against CWA and not also against AT&T. In the caption of the Complaint, it states: "Request . . . [to be] allowed to proceed with a BREACH OF CONTRACT against EMPLOYER DUE to BREACH OF DUTY by Union." Dkt. No. 1-2 at 1. Also, Plaintiff alleges that AT&T breached the CBA by not giving him the wage credit and not providing him with a hotel room during trainings. Id. at 3-6.

5
Case No. 5:14-CV-02502-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Since Plaintiff filed his complaint on May 7, 2014, it is time barred. Id. at 3-4. Plaintiff, however, argues that the statute of limitations should begin to run on December 4, 2013 because CWA told him that it would be holding the returned checks until this date. Dkt. No. 12 at 1. As a result, Plaintiff was misled into believing that CWA was holding the checks while it decided on how to respond to Plaintiff's request for arbitration. Dkt. No. 17 at 1. Plaintiff argues that CWA should have clearly stated that it would not be pursuing arbitration, or it should have stated that Plaintiff could pursue arbitration at his own expense, or it could have provided Plaintiff with a list of attorneys. Id. Plaintiff further argues that CWA should have clearly stated that their duty had ended on a specific date. Id. Alternatively, Plaintiff argues that the statute of limitations should begin to run on February 28, 2014 because that is when he learned that the checks went to AT&T's unclaimed property department. Dkt. No. 12 at 2.

Assuming that the June 21, 2013 letter constitutes a "wrongful act" so as to begin the clock on the statute of limitations, it is still time barred because the instant action was filed eleven months later. See Harris, 897 F.2d at 404 (plaintiff's claim accrued when he was informed by a union representative that the union would not pursue a grievance on his behalf). Plaintiff's proposed date of December 4, 2014 is not appropriate because the June 21 letter clearly states that Plaintiff had until December 4 to request a re-issue of the settlement checks. December 4 does not constitute a wrongful act by CWA, nor does it induce reliance on a promise that would result on December 4. Furthermore, Plaintiff's proposed date of February 28, 2014 is not appropriate because the documents came from AT&T, not CWA, and it merely tells Plaintiff that the settlement checks he rejected had entered dormant status. This does not create a federal claim. Accordingly, CWA's motion is GRANTED and this claim is DISMISSED WITH PREJUDICE.

**B.     State Law Claim**

Section 301 of the LMRA vests federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce[.]" 29 U.S.C. § 185(a). The Supreme Court has expanded the preemptive scope of Section 301 to cases for which resolution "is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract" or collective bargaining agreement

6
Case No. 5:14-CV-02502-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

("CBA"). Allis-Chambers Corp. v. Lueck, 471 U.S. 202, 220 (1985).

"[S]tate-law causes of action are preempted if they are either based upon a collective-bargaining agreement or dependent upon an interpretation of the agreement." Ramirez v. Fox Television Station, 998 F.2d 743, 748 (9th Cir. 1993) (citing Hayden v. Reickerd, 957 F.2d 1506, 1509 (9th Cir. 1992)). However, "[c]auses of action that only 'tangentially involve' a provision of" a CBA, or which assert non-negotiable state rights independent of anything provided by a CBA, are not preempted by Section 301. Id.

A two-step test is used to sort out those claims that are preempted from those that are not:

> First, the court must ask "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." If the answer is no, then the claim is preempted by 301. If the answer is yes, then the court must ask whether the claim is "substantially dependent on analysis of a collective-bargaining agreement." If the answer is yes, then the claim is preempted by 301; if the answer is no, then "the claim can proceed under state law."

Rodriguez v. Pac. Steel Casting Co., 2012 WL 2000793, at *3 (N.D. Cal. June 1, 2012) (Cousins, J.) (internal citations omitted) (citing Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007)).

Here, Plaintiff makes allegations that can constitute a breach of contract claim. Plaintiff alleges that AT&T did not give him a wage credit recognizing his previous sixteen years of employment, "which is required by the [CBA]." Dkt. No. 1-2 at 3, 10. He also alleges that while he was in Southern California for training, he was not provided with a hotel room "as required by the [CBA]." Id. at 6. Plaintiff further alleges that there was no progressive discipline, "which is in the [CBA]." Id. at 14. The court need not look past the first step of the analysis because the claims at issue involve a right conferred by the CBA, not by state law. Since the claim for breach of contract involves the interpretation of the CBA, it is preempted by Section 301, which is time barred. Accordingly, this claim is DISMISSED WITH PREJUDICE.

## IV. CONCLUSION

Based on the foregoing, CWA's Motion to Dismiss is GRANTED. Plaintiff does not have

leave to amend as that effort would be futile given that his federal claim is time barred. Accordingly, Plaintiff's Complaint is DISMISSED WITH PREJUDICE. The motion hearing and case management conference scheduled for October 10, 2014 are VACATED. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 6, 2014



EDWARD J. DAVILA
United States District Judge